UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHARLES HUTCHISON,** <br> Plaintiff | § § § | |
| **V.** | § § | CIVIL ACTION NO  5:19-cv-1027 _____ |
| **GATEWAY INSURANCE COMPANY,** <br> Defendant | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Gateway Insurance Company ("Gateway" or "Defendant"), and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and would show this Court as follows:

## PROCEDURAL HISTORY

**1.**

On July 23, 2019, Charles Hutchison ("Plaintiff") filed an Original Petition and initiated an action against Defendant in County Court, the Bexar County, Texas, Cause No. 2019CV06100 ("the State Court Action"). A copy of all pleadings, orders and other records filed in the State Court Action are attached hereto as **Exhibit "A."**

**2.**

On July 29, 2019, Gateway received service with a copy of the Citation and Plaintiff's Original Petition. A copy of the citation is attached hereto as **Exhibit "B."** Defendant, Gateway, has not yet filed its answer to the State Court Action. Defendant's Notice of Removal was filed on August 23, 2019, and within the thirty-day statutory time period for removal for Defendant, Gateway. 28 U.S.C. §1446(b).

**3.**

This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

**4.**

The State Court Action is removed on grounds of 28 U.S.C. §1332 diversity of citizen jurisdiction.

## PARTIES

**5.**

Plaintiff avers that he is a resident of the Bexar County, Texas, and he is thus a citizen of Texas.

**6.**

Gateway is an insurance company incorporated in the state of Missouri, and has its principal place of business in Missouri.

**7.**

There is a complete diversity of citizenship between Plaintiff and all Defendants.

## PLAINTIFF'S CLAIMS

**8.**

Plaintiff filed the State Court Action against Gateway claiming entitlement to uninsured/underinsured motorist coverage under Gateway Insurance Company's Automobile Liability Insurance Policy No. CA17718P2016 (the "Policy") allegedly issued by Defendant and on which Plaintiff claims to qualify as an insured.  *See*, Exhibit A at Petition for Damages ("Petition").

**9.**

Plaintiff asserts a claim for breach of the duty of good faith and fair dealing; insurance code and deceptive trade practices violations; negligence and misrepresentation; violation of Chapters

541and 542 of the Texas Insurance Code; and violations of the Texas deceptive practices and consumer protection act. Plaintiff seeks damages for past medical expenses; future medical expenses; physical pain and suffering in the past and future; physical impairment in the past and future; and mental anguish in excess of $75,000 in connection with his injuries allegedly sustained in an auto accident. *See*, Exhibit A at Petition, ¶¶ VII-XVI.

## REMOVAL IS PROPER

**10.**

Amount in Controversy. The "matter in controversy" under 28 U.S.C. §1332(a) is determined by reference to the plaintiff's pleadings. The damages the plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). Where the plaintiff does not allege a particular sum in damages, the removing party must make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Irving Cent. Place, LLC v. Fed. Ins. Co.,* No. 3:17-CV-1617-L, 2018 U.S. Dist. LEXIS 27167, at *5 (N.D. Tex. Feb. 21, 2018) (citing *Dart Cherokee Basin Operating Co, LLC. v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 549, 190 L.Ed.2d 455 (2014). Only "expenses and costs" are excluded from the calculation of the matter in controversy. 28 U.S.C. §1332(a). Attorneys' fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc*., 227 F.3d 326, 330 (5th Cir. 2000), *cert. denied*, 534 U.S. 894, 122 S. Ct. 214, 151 L.Ed.2d 152 (2001).

**11.**

Plaintiff's demand exceeds the requisite jurisdictional amount of $75,000. *See*, Exhibit A. Moreover, the limits of insurance for uninsured/underinsured motorist coverage under the Gateway policy is $85,000, which exceeds the $75,000 jurisdiction requirement. *See,* **Exhibit**

3

"**C**," the Policy at Texas Uninsured/Underinsured Motorist Coverage Endorsement (CA 21 09 10 13). Thus, the amount in controversy definitely exceeds the jurisdiction minimum limit of $75,000.00.

**12.**

Diversity Jurisdiction. This is a civil action over which this Court currently has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which is removable to this Court pursuant to 28 U.S.C. §1441(a), in that this action is between citizens of different states. Therefore, pursuant to 28 U.S.C. §1441, this case may be removed to the United States District Court for the Western District of Texas.

**13.**

Defendant is the only defendant in this action. Defendant is represented by the undersigned counsel. Accordingly, all Defendants in this action join in this removal. Plaintiff, the only other current party to this case, is represented by:

Mr. Charles Riley
Riley & Riley
320 Lexington Avenue
San Antonio, Texas 78215

**14.**

In accordance with 28 U.S.C. §1446 and the local rules, Defendant has attached copies of all processes, pleadings, and orders served upon it in the state court action. *See*, Exhibit A. No further proceedings have been had therein. Pursuant to the local rules, a copy of the trial court's docket sheet is attached as **Exhibit "D."**

**15.**

An index of matters is being filed herewith pursuant to the local rules as Attachment "1," and Defendant attaches a List of Parties and Counsel as **Attachment "2**."

4

**16.**

Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d).  Defendant will also file the notice of the filing of this Notice of Removal with the District Clerk of the State Court.  The Notice of Removal and all of its attachments and exhibits will be attached to that notice.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, For the reasons described above, Plaintiff's claims are properly removable, and Gateway respectfully requests that this Court remove the State Court Action to the United States District Court for the Western District of Texas and proceed with this matter as if it had been originally filed herein.  Defendant further requests any such relief to which it may be justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Mary "Amy" Cazes Greene*
Mary "Amy" Cazes Greene
Texas Bar No. 24005647
500 Dallas Street • Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**ATTORNEY FOR GATEWAY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing Notice of Removal which has been served upon all counsel of record by placing same in the United States mail, properly addressed and first class postage prepaid and/or *via* electronic mail and/or facsimile on this 23rd day of August, 2019.

*/s/ Mary "Amy" Cazes Greene*
Mary "Amy" Cazes Greene (Bar No. 24005647)